Vanlandingham v. Fellows et. al.

OLIVER C. VANLANDINGHAM, plaintiff in error v. WILLIAM FELLOWS, CORNELIUS FELLOWS, and ABRAHAM HITE, co-partners under the style of W. & C. Fellows & Co., defendants in error.

*Error to Gallatin.*

The reasons filed by a party, as the foundation for a motion in the Circuit Court, do not thereby become a part of the record. To make them a part of the record, they should be embodied in a bill of exceptions.

A writ of inquiry may be executed in vacation as well as in term time. It may be executed at any place within the sheriff's bailiwick. The statute has not changed the common law in this respect.

If any irregularity take place in the execution of a writ of inquiry, the proper way is to apply, upon affidavit, to the Circuit Court to set the inquest aside.

The judgment in this cause was rendered at the July term, 1835, of the Gallatin Circuit Court, by the Hon. Alex. F. Grant.

W. J. GATEWOOD and J. J. ROBINSON, for the plaintiff in error.

H. EDDY, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced by W. & C. Fellows and company against Van Landingham, in the Gallatin Circuit Court, for goods sold, money lent and advanced, and paid, laid out and expended, and also for money had and received, and an *insimul computassent.*

The defendant below made default, whereupon a judgment by default was entered, and a writ of inquiry awarded to be executed in vacation.

At the next term of the Gallatin Circuit Court, to wit, on the 17th day of April, 1835, upon the return of the writ of inquiry, final judgment was given for the plaintiffs below. Subsequently, in the same term, to wit, on the 18th day of April, the defendant below moved the Court to set aside the inquisition, and filed reasons therefor; but did not accompany them with an affidavit of their truth. The Court overruled the motion.

To reverse this decision, a writ of error has been brought to this Court, and the following errors assigned, to wit: 1. That the writ of inquiry was executed in vacation, and not in term time, and in open Court. 2. That the plaintiff in error had no notice of the time and place of executing the writ of inquiry. 3. That the verdict was contrary to law and evidence. 4. That the Court overruled the motion to quash the writ, set aside the verdict, and arrest the judgment.

In relation to the three last errors assigned, the Court are clearly of opinion, that they cannot be assigned for error. The

T*

reasons filed by a party, as the foundation for a motion, do not thereby become a part of the record.   If the facts had been properly before the Circuit Court, and that Court had decided erroneously, the proper course would have been to have taken a bill of exceptions.   For any thing that appears from the record, the Circuit Court may have overruled the motion to set aside the inquisition, because no affidavit had been filed showing the truth of the reasons relied on.   If the Circuit Court refused the motion upon this ground, it decided correctly.   But this Court cannot take any notice of the reasons filed in the Court below, as the ground of the motion to set aside the writ of inquiry, &c., because we consider them as forming no part of the record.   The only question for our decision, is that arising from the order of the Circuit Court, that a writ of inquiry issue, to be executed in vacation.   Was this irregular ?   A writ of inquiry at common law, is a mere inquest of office, to inform the conscience of the Court, who if it please, may itself assess the damages, with the assent of the plaintiff, or direct them to be assessed by the sheriff or other proper officer.(1)   In the performance of this duty it has been decided that the sheriff acts ministerially, and consequently the writ may be executed by a deputy.(2)   But if it appears that important questions of law will arise on the execution of the writ, the Court will order it to be executed in open Court.(3)   From this view of the common law, relative to writs of inquiry, it follows that it is not necessary to execute the writ in Court, unless expressly so directed by the Court, nor in term time, nor at the Court House.   It, like other writs, may be executed at any place within the sheriff's bailiwick.   Should any irregularities take place, such as want of notice, improper persons empannelled as jurors, or illegal testimony received, the proper course is to apply, upon affidavit of the facts, to the Circuit Court, to set the inquest aside.   If then the order of the Circuit Court to execute the writ in vacation, is no violation of the practice at common law, has the 13th section(4) of the " *Act concerning Practice in Courts of Law*," changed the practice so that a sheriff cannot execute a writ of inquiry of damages ?   This section provides, that "Whenever judgment shall be given against the defendant or defendants by default, in any action brought on any instrument of writing for the payment of money only, the court may direct the clerk to assess the damages by computing the interest, and report the same to the court, upon which final judgment shall be given; and in all other actions, when judgment shall go by default, the plaintiff may have his damages assessed by the jury in court."

This language can be construed only to mean that the plaintiff

(1) Tidd's Pract. 617.        (2) Johns. 63.        (3) Tidd's Pract. 623.
 (4) R. L. 490;  Gale's Stat. 532.

may, if he elect so to do, have his inquest taken in Court. The common law practice is, as we have seen, that the plaintiff by showing good reasons, can have the writ of inquiry executed in Court; but under this statute, he has a right to insist upon its being executed in Court; yet he undoubtedly may waive the right. The order, then, to execute the writ of inquiry in vacation, cannot be assigned for error by the defendant below.

The judgment, must therefore, be affirmed with costs.

*Judgment affirmed.*